Read, J.
There are three classes of Error complained of in this case.
1st. Error in deciding the demurrer without joinder.
*23 2d. Errors in the admission and overruling of testimony.
3d. That the declaration will not warrant the judgment.
The error under the first head is, that the Court overruled the demurrer to the declaration without a joinder.
A joinder is necessary to constitute a technical issue, and is like a similiter to the general issue. If objected to at the time, it may be filed instantly, and if not, and exception be subsequently taken for this cause, the Court will consider it as having been in. Besides, our statute • provides that a judgment shall not be reversed for mere matter of form.
Under the third head; McElroy was permitted to testify to the hand writing of McCracken without first laying the proper foundation by stating his means of knowledge.
The evidence of hand writing is opinion and belief. The opinion and belief of a witness is not evidence, unless he state the facts and circumstances upon which that opinion and belief are founded ; that the jury may have the means of judging whether such opinion and belief are well founded. But it may be said it don’t matter whether the opinion and belief are first given and then the facts and circumstances, or whether the facts and circumstances are first given, and then the opinion and' belief. But in this respect the order is most material. It is the duty of the Court to exclude illegal testimony, and a mere unsupported opinion and belief are not testimony ; it is the duty of the Court to exclude it from the jury until it become testimony by first stating the means of knowledge which enable the witness to form a correct opinion; and whether the foundation is laid for its introduction is for the Court to decide. But if the Court would violate the order and permit opinion to go to the jury, and then attempt to withdraw it because unsupported by facts and circumstances, it might and probably would make an impression upon the jury which neither the Court or counsel could remove. But in this case the Court admitted mere unsupported opinion, which is manifestly wrong, unsupported by authority, and contradicting both theory and decision.
2d. That defendants counsel asked the question, on cr'oss *24 examination, as to whether witness had not indorsed for Myers several thousand dollars, in 1842, without taking any secuTo which witness answered that he had, and stated the circumstances under which Myers induced him to indorse. Upon which the plaintiff re-examined the witness and asked him what Myers said in the same conversation about McCcracken indorsing or refusing to indorse said paper. The re-examination in this case was broader than the cross-examination, and therefore wrong. No door was opened in this way to the introduction of mere hearsay evidence. The question was not put to the witness as to what McCracken had said about indorsing or refusing to indorse Myers’ paper, but what Myers said McCracken had said about the matter of indorsement. Thus their admission of such evidence was clearly wrong.
3d. That the Court permitted proof of the amount for which the property of Myers sold under the assignment, to prove the value of the property of Myers, at the date of the declaration in the letter complained of. This is wrong. The true question is, what was the value of the property, not what did it sell for. Property often sells for less than its value, and almost certainly so at forced sales. What the property sold for under such circumstances, would not be evidence to prove its value at a prior time.
4th. The refusal to permit Tallmadge to state what McCracken said he thought Myers worth, previously to Myers’ failure, and previously to McCracken having written the letter upon which he is sought to be made liable, is a matter of some difficulty. It may be said it will not do to permit a man to protect himself by his own declarations. This must depend upon the nature of the declarations, and of the wrong complained of. If McCracken was correct in what he wrote in his letter, he cannot be made liable; he must have written the letter upon which he is sought to be made liable with intent to deceive. If he honestly thought Myers was solvent and worthy of credit, he is not liable. Whether he thought so or not must be gathered from his conduct and declarations, and all those circum *25 stances which go to show motives. Now declarations made when there is no motive to make a false statement as to what a man is supposed to be worth, are certainly evidence of the speaker thinks, unless the presumption be that men are more disposed to speak false than the truth; but the legal presumption and the fact is the other way. And looking ■ at the whole matter, the nature of the charge and the declarations made, I think the declarations of McCracken, thus made, were evidence, and should have been admitted.
The 3d error is, that the declaration does not warrant the verdict.
This error is raised upon the demurrer and the motion in arrest of judgment, and the demurrur and the motion in arrest in this case are precisely the same in the effect which they must produce, and will be considered simply under one aspect.
Is the declaration, then, in this case, sufficient to warrant judgment for the plaintiff?
The declaration avers that McCracken wrote the letter upon which he is sought to be made liable, delivered it to McElroy, the agent of Myers, and directed the same to Wilson, Butler & Baldwin, requesting them to use their influence in introducing said McElroy to süch houses as the said McElroy might require in making up his assortment. It is not averred in the declaration that said letter was delivered to Wilson, Butler & Baldwin, or that Wilson, Butler & Baldwin introduced said McElroy to the plaintiffs. The letter was not one of credit, but a simple request of friendly assistance on the part of Wilson, Butler & Baldwin, to introduce said McElroy to such houses as he might desire; and as inducement to assistance, the circumstances of Myers were stated by McCracken. McElroy was not authorized to deliver this letter to any other person than Wilson, Butler & Baldwin; nor were Wilson, Butler & Baldwin under any obligations to introduce said McElroy to the plaintiffs, nor is there any averment- that they did so.
*26 There is no connexion, then, whatever, between the plaintiffs ant^ McCracken. The wrongful use of this letter by McElroy, cannot make McCracken liable. The letter not being written to the plaintiffs, they had no right to rely upon it, unless it came to them through the proper channel.
If a false statement should be made to one person to induce him to do a particular act, the balance of the world have no legal right to rely upon it; and if they do so, and suffer from it, they cannot recover compensation against the person who made the false statement.
There is no dispute about the general principles of law which govern actions of deceit, or that a man is responsible for the truth of his assertions, made to enable another to acquire credit. But the difficulty in the case, stated in the declaration, is, that the statements in the letter, if false, were addressed to one set of persons, to induce them to act, and there is no averment that such letter was ever delivered to them, or that they acted as requested; but that the letter was used for a different purpose, and relied upon without legal authority by the plaintiffs.
But it is said that the design of McCracken was to give a general credit to Myers. The presumption of the law is, that McCracken acted honestly, until rebutted. Nor can he be made liable beyond what he actually did, and being charged with falsehood and deceit, he can only be made liable on strict averment and proof. The direction of the letter was special, nor is there any averment or proof that it was designed for general use. Nor can it be said, had the letter been rightly delivered, whether the contents were true or false, that any injury would have accrued to the plaintiffs. But it is contended that the lack of averment is cured by verdict. This is not the case of a good title, defectively stated; but it is the statement of a defective title. The case made in the declaration is not sufficient to warrant judgment, and therefore it is not cured by verdict.
We are therefore of opinion that the declaration is not sufficient ; and therefore for this cause, and others heretofore noted, the judgment is reversed.